**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AUTO CLUB FAMILY INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO:  05-6482** |
| **HENRY S. PROVOSTY** | **SECTION: "S" (4)** |

| | |
|---|---|
| **AND** | |
| **HENRY ST. PAUL PROVOSTY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-1297** |
| **AUTO CLUB FAMILY INSURANCE COMPANY** | **SECTION: "S" (4)** |

**ORDER AND REASONS**

     **IT IS HEREBY ORDERED** that Henry S. Provosty's motion to remand the case to

Civil District Court for the Parish of Orleans is **DENIED**.  (No. 06-1297, Document #6.)

     **IT IS FURTHER ORDERED** that Provosty's motion to abstain or dismiss Auto Club

Family Insurance Company's complaint for declaratory judgment is **DENIED**.  (No. 05-6482,

Document #7.)

## I. BACKGROUND

Auto Club Family Insurance Company (AAA) issued a policy of homeowners insurance

to Henry S. Provosty for the residence located at 261 West Robert E. Lee Boulevard in New

Orleans, Louisiana.  The policy provides coverage in the amount of $237,930 for dwelling and

other structures and $162,225 for personal property.  Following Hurricane Katrina and the

breach of the 17th Street Canal, Provosty made a claim for homeowner's insurance coverage

under the "Premium Plus" policy.  Provosty argues that, before the breach of the 17th Street

Canal flood wall, the residence sustained violent winds, debris, and wind driven rain for 16 to 20

hours.  He contends that the high velocity wind force was the efficient proximate cause of the

damage to the first and second floors of the residence and the contents.  Provosty argues that the

flood waters from the breach of the flood wall entered the residence after the damage was

sustained by the wind, wind driven rain, and seepage from damaged plumbing.

After notifying AAA of the damage to the residence, Provosty retained the services of a

private damage estimator to perform an inspection, evaluation, and estimate of the cost of repairs

of damage caused by wind, collapse, and wind driven rain.  The estimate to repair the residence,

which excludes damages caused by subsequent flood waters, is $208,254.82.  The value of the

contents is $343,641.72.

On November 6, 2005, AAA's first adjuster issued a report for structural damage to the

residence and estimated the damage covered by the policy to be $35,000.[1]  Provosty made a

formal request for a re-evaluation, as well as an evaluation of the damage to the contents.  A

second AAA adjuster informed Provosty that AAA would not consider any damage below the

water line and would not cover damage to contents.[2]  AAA issued a formal letter denying

coverage for all contents damages and additional structural damage.

Provosty filed a petition for declaratory judgment and for damages in Civil District Court

for the Parish of Orleans (No. 06-1297).  He seeks coverage under the homeowner's policy for

damages from wind, collapse, wind driven rain, and debris.  AAA removed the action to federal

court based on diversity jurisdiction and filed a complaint for declaratory judgment (No. 05-

6482) to resolve the question whether damage to the residence as a result of Hurricane Katrina is

covered under the homeowners policy.[3]  Provosty filed a motion to remand the case to state court

and a  "Motion to Abstain and Dismiss Complaint for Declaratory Judgment."

## II. DISCUSSION

**A. Motion to remand (No. 06-1297)**

---

[1]    Provosty also states that AAA paid $85,000 of the total $208,000 in structural
damages.

[2]    Provosty left the contents in his home while waiting for AAA to conduct an
inspection.  By December 2005, the home was looted, and many of the contents were removed.
AAA informed Provosty that any claim for loss as a result of looting or theft would have to be
submitted as an additional claim under the homeowner's policy, together with a police report and
a sworn statement.

[3]    Provosty challenges AAA's assertion that the case arises under the National Flood
Insurance Program.

Provosty contends that the case should be remanded to state court because there is no federal question jurisdiction.  Provosty argues that the court should abstain from hearing the case because the State of Louisiana has a compelling interest in deciding these claims.  He contends that Civil District Court for the Parish of Orleans has instituted the "Hurricane Litigation Pilot Program" to resolve hurricane insurance claims efficiently and quickly, and a case management conference is set on May 4, 2006.  Further, Provosty contends that Louisiana courts should apply the new amendments to the Insurance Code, La. Rev. Stat. 22:658.2 and 22:1220(B)(6), which address the consideration of coverage under the homeowner's policy for damages below the flood water line.

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court."  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)).   Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties."  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (citing 28 U.S.C. § 1332).

Provosty does not contest that diversity jurisdiction is present in this case.  Moreover, he has not presented a basis for this court to abstain from the exercise of jurisdiction under any of the recognized abstention doctrines.  The Colorado River abstention doctrine does not apply because the case was removed from state court, and there are no parallel proceedings pending in

4

federal and state court.  See Diamond Offshore Co. v. A&B Builders, Inc., 302 F.3d 531, 540

(2002).  Further, abstention based on a court's sitting in equity is not available because

Provosty's petition seeks a declaratory judgment and damages, not solely equitable or otherwise

discretionary relief.  See Webb v. B.C. Rogers Poultry, Inc., 174 F.3d 697, 703-04 & n.16 (5th

Cir. 1999) ("The higher degree of interference with state proceedings that injunctive or

declaratory relief imposes, as opposed to a damages award, also favors allowing abstention when

a court sits in equity, but not in an action at law.") (citing Quackenbush v. Allstate Ins. Co., 116

S.Ct. 1712 (1996)).

    Accordingly, the court has subject matter jurisdiction over Provosty's claims, and the

motion to remand the case to state court is denied.


**B.  Motion to abstain and dismiss complaint (No. 05-6482)**

    Provosty moves to abstain and dismiss AAA's claim declaratory judgment action for

essentially the same reasons asserted in his motion to remand the case to state court, *i.e.* that the

State of Louisiana has a compelling interest in dealing with this claim under state law.

    The Declaratory Judgment Act, 28 U.S.C § 2201 provides:

      (a)  In a case of actual controversy within its jurisdiction, . . . any court of the
    United States, upon the filing of an appropriate pleading, may declare the rights
    and other legal relations of any interested party seeking such declaration, whether
    or not further relief is or could be sought.  Any such declaration shall have the
    force and effect of a final judgment or decree and shall be reviewable as such.

    In this case, there is an actual controversy concerning coverage under the homeowners

policy issued to Provosty by AAA.  Further, as discussed above, the parties are diverse, and the

court has jurisdiction over the matter.  Accordingly, Provosty's motion to abstain and dismiss

AAA's complaint for declaratory judgment is denied.

New Orleans, Louisiana, this   23rd day of May, 2006.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**